UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JACKSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>    Defendants. | Case No. 21-cv-04677-HSG<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>Re: Dkt. No. 22 |

Pending before the Court is a motion to withdraw as counsel filed by Dev D. Patel, attorney for Plaintiff Robert Jackson and Plaintiff Queen Jackson. Dkt. No. 22 ("Mot."). The motion came on for hearing on August 26, 2021. For the reasons set forth below, the motion is **GRANTED** subject to the conditions described below.

## I. LEGAL STANDARD

In this district, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). Moreover, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

Withdrawal is also governed by the California Rules of Professional Conduct. *See j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009)). Under these rules, permissive withdrawal may be granted only by leave of the Court. CA ST RPC, Rule 3-700(A)(1). The rules provide for permissive withdrawal on various

1  grounds, including when "[t]he client . . . breaches an agreement or obligation to the member as to
2  expenses or fees." *Id.*, Rule 3-700(C)(1). But an attorney may not withdraw before he or she "has
3  taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client,
4  including giving due notice to the client, allowing time for employment of other counsel,
5  complying with rule 3-700(D), and complying with applicable laws and rules." *Id.*, Rule 3-
6  700(A)(2); *see also id.*, Rule 3-700(D) (regarding the refund of fees and the release of property
7  and papers).

8  More broadly, courts assessing a motion to withdraw engage in a balancing of the equities,
9  considering such factors as why counsel seeks to withdraw and whether permitting withdrawal
10  may prejudice other litigants, harm the administration of justice, or delay the case's resolution.
11  *See Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18,
12  2010) (citing cases).

13  **II.     DISCUSSION**

14  Mr. Patel seeks to withdraw because Plaintiffs "terminated the representation of Saunders
15  Law Group" and have "fail[ed] to cooperate and communicate." Mot. at 2; *see also* Ex. A
16  (termination letters). At the hearing, Mr. Patel indicated that he asked Plaintiffs if they planned to
17  substitute other counsel to represent them or if they would like to dismiss the action. Plaintiffs did
18  not respond, and Mr. Patel is uncertain if Plaintiffs wish to proceed with the action. He also
19  indicated that he attempted to notify Plaintiffs of his motion to withdraw and about the hearing on
20  the motion through several means of communication. Mr. Patel reported that Plaintiffs have not
21  responded to any of his communications since terminating the representation of his firm.

22  The Court finds that Mr. Patel's request to withdraw satisfies the applicable local rules. He
23  provided notice to Plaintiffs and Defendants of the administrative motion to withdraw. Neither
24  Plaintiffs nor Defendants have objected. The filing of the motion was also permitted by the
25  California Rules of Professional Conduct. Based on the record before the Court, the Court is
26  persuaded that counsel filed the motion with a good faith belief that there is good cause for
27  withdrawal. *See* CA ST RPC, Rule 3-700(C)(6). Given Plaintiffs' termination letters and failure
28  to communicate with Mr. Patel despite his repeated attempts, the Court finds that permitting

withdrawal is warranted. Because Plaintiffs have not filed a substitution of counsel or appeared pro se, the Court directs Mr. Patel to accept service of papers for forwarding to Plaintiffs for six weeks. *See* Civil L.R. 11-5(b). The Court directs Mr. Patel to serve this order on Plaintiffs and to file a proof of service of such service.

### III.  CONCLUSION

Accordingly, Mr. Patel's motion to withdraw as counsel for Plaintiffs is **GRANTED**, subject to the condition described above.

**IT IS SO ORDERED.**

Dated: 8/27/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge